UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00684-FDW-DSC

| | |
|---|---|
| **DIANNE MICHELE CARTER,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>) **ORDER**<br>)<br>**CAPITAL ONE, et al.,** )<br>)<br>**Defendants.** )<br>_____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Pro Se Amended Complaint, filed under 15 U.S.C. § 1692, et seq. [Doc. 4].

## I. BACKGROUND

On December 9, 2020, Plaintiff Diane Michele Carter ("Plaintiff"), a citizen and resident of North Carolina, filed the instant action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., against Defendants Capital One and Hawthorne Management Company, Inc. ("Hawthorne"). [Doc. 1 at 1-2]. Plaintiff also asserted that "[t]hese FDCPA violations resulted in instances of federal grand larceny, breach of fiduciary duty and extortion." [Id. at ¶ 1].

Plaintiff alleged that on December 12, 2019, Capital One "removed money from Plaintiff's account totaling $1,279.41 resulting in breach of fiduciary duty and federal grand larceny." [Id. at ¶ 8]. Plaintiff further alleged that she disputed the debt by fax and U.S. Mail on December 16, 2019; December 17, 2019; December 31, 2019; and November 10, 2020, requesting a refund. [Id. at ¶ 12]. Plaintiff then alleged that Capital One responded to Plaintiff's dispute "claiming to have received a 'court order' to remove money from Plaintiff's account but failed to provide the court

order or other proof of Plaintiff's contractual obligation to pay the alleged debt." [Id. at ¶ 13]. Plaintiff attached this letter from Capital One to her original Complaint in this matter. [See Doc. 1 at 7]. In this letter, Capital One explains that, "[o]n 11/20/2019, Capital One received a(n) Levy from a court to remove money in your account." [Id.]. The letter further provides that "[a] garnishment (also known in some states as a levy) is the legal process that allows a creditor to remove money from your bank account(s) to satisfy a debt you haven't paid. In other words, if you owe money to a person or company, they can obtain a court order directing your bank to take money out of your account to pay off your debt." [Doc. 1 at 7]. Finally, the letter provides that, "as required by law, we've removed this money in the amount of $1,146.58 and may have to turn it over to your creditor as directed by the order." [Id.].

As to her claims against Defendant Hawthorne, Plaintiff attached to her Complaint an invoice issued on behalf of the Matthews Plantation Homeowners Association (the "Association"), the Moorish Science Temple of America, and the Moorish Science Temple of America by Defendant Hawthorne, identified as the Managing Agent for the Association. [Doc. 1 at 10]. Plaintiff also inexplicably alleges that "Moorish Holy Temple of Science/Moorish Science Temple South Carolina Republic Temple No. 3A is an express trust and Plaintiff is a trustee bringing this action in accordance with Federal Rules of Civil Procedure Rule 17(a)(1)(E)," although in the case caption she does not so identify herself. [Doc. 1 at ¶ 14].

Plaintiff alleged that Hawthorne overcharged Plaintiff for homeowner's assessments in the amount of $9, imposed an unsubstantiated "Tree Fine" against Plaintiff for $475.00, and imposed $16.00 in unwarranted late charges. [Doc. 1 at ¶¶ 16-20]. Plaintiff alleged that, on March 17, 2020, she mailed a letter to Hawthorne CEO, Joseph Aiken, disputing the entirety of the debt, requesting proof of Plaintiff's contractual obligation to pay the disputed amounts. [Doc. 1 at ¶

17].  Plaintiff further allege that "[t]here is no contract that obligates Plaintiff or the Trust to pay HAWTHORNE any money" and seeks damages that also include her annual homeowner's assessments from 2019 and 2020.  [Doc. 1 at ¶¶ 16-17, 21, p. 6].  Plaintiff, however, "[u]nder threat, duress, coercion, and extortion and against Plaintiff's will" "mailed a check in the amount of $548.00[1] in order to stop the ongoing threats and escalating late charges."  [Doc. 1 at ¶ 19].

Plaintiff claimed that Defendants' alleged conduct constitutes violations of 15 U.S.C. §§ 1692e, 1692f, 1692g, and 1692k, but did not enumerate which violations apply to which Defendant.  [See Doc. 1 at 5].  For relief, Plaintiff sought actual and statutory damages from Defendants in this matter and attorney fees despite proceeding pro se.  [Doc. 1 at 6].

On initial review, the Court granted Plaintiff's motion to proceed in forma pauperis and found that Plaintiff failed to state a claim against Defendant Capitol One under the FDCPA because she failed to allege that the collection activity was related to a debt subject to the FDCPA.  [Doc. 3 at 4-5 (citing Jennings v. Continental Service Group, 239 F.Supp.3d 662, 667-68 (W.D.N.Y. Mar. 7, 2017))].  The Court also noted that the correspondence from Capital One attached to Plaintiff's Complaint reflects that the money was taken pursuant to a "court order" "for $457,200.09."  There was, therefore, a substantial question as to the nature of the debt.  The Court, however, allowed Plaintiff 30 days to file an Amended Complaint against Capital One to properly state a claim under the FDCPA.

Plaintiff's claim against Defendant Hawthorne for violation of the FDCPA survived initial review as not clearly frivolous.  Plaintiff's claims for "federal grand larceny," breach of fiduciary duty, or extortion were dismissed for Plaintiff's failure to state a claim upon which relief could be granted.

---

[1] This $548.00 amount appears to include additional amounts Plaintiff also disputes.  [See Doc. 1 at ¶¶ 18-20, p. 6].

Thereafter, Plaintiff timely filed an Amended Complaint naming Capital One; Anita Bond, identified as an Internal Revenue Service (IRS) Revenue Officer; and Hawthorne Management Company ("Hawthorne") as Defendants.[2] In her Amended Complaint, Plaintiff alleges that Capitol One removed the money from Plaintiff's account(s) pursuant to an IRS levy in the amount of $457,200.09. [See Doc. 4-1 at 7]. The Notice of Levy was sent by Anita Bond, IRS Revenue Officer, to Capital One on November 11, 2019. [Id.]. The Levy provided, among other things, as follows:

> The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property, and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

[Doc. 4-1 at 7]. Plaintiff alleges that Capital One's conduct in complying with this Levy violated various provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692f, 1692g, and 1692k.[3] As to Defendant Bond, Plaintiff alleges that the Notice of Levy is a "false, deceptive, or misleading representation in violation of FDCPA 1692e" and that Bond is liable to Plaintiff under "FDCPA 1692k." [Doc. 4 at ¶ 22].

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or

---

[2] Plaintiff's claims against Defendant Hawthorne previously survived initial review and will not be further addressed here.

[3] To the extent Plaintiff purports to state any other causes of action against Defendant Capital One, any such claims have been previously dismissed on the Court's initial review of Plaintiff's Complaint. Plaintiff alleges nothing further of significance on any other purported claims against Capital One and the Court declines to further address them here.

4

malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

"The FDCPA prohibits harassment or abuse, the use of false or misleading statements or unfair practices when collecting a debt." Gavin v. Enterprise Recovery Systems, Inc., No. 7:16-344-TMC, 2017 WL 24254, at *3 (D.S.C. Jan. 3, 2017) (citing 15 U.S.C. §§ 1692d, 1692e and 1692f). To state a claim for a violation of the FDCPA, a plaintiff must allege that (1) she was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA. See id. (citation omitted). A consumer debt means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §§ 1692a(3), (5).

Plaintiff again fails to state a claim against Capital One. She also fails to state a claim against Defendant Bond. Plaintiff's Amended Complaint affirmatively shows that the money being collected does not qualify as a "debt" under the FDCPA. See Oppenheim v. I.C. Sys., Inc.,

5

627 F.3d 833, 836-37 (11th Cir. 2020). The mere obligation to pay does not constitute a debt under the FDCPA. Id. at 837 (quotation marks omitted). Rather, to be covered by the statute, "the obligations to pay must, at a minimum, involve some kind of business dealing or other consensual obligation." Id. at 838 (internal quotation marks omitted). "By contrast, an obligation to pay that 'arises solely by operation of law' is not a debt covered by the FDCPA." Id. (citing Agrelo v. Affinity Mgmt. Servs., LLC, 841 F.3d 944, 951 (11th Cir. 2016)). Tax obligations, because they do not arise from business dealings or other consumer transactions, are not "debts" under the FDCPA. Id. (citations omitted). As such, Plaintiff's claims against Defendants Capital One and Bond necessarily fail. Furthermore, Bond, as an IRS Revenue Officer, is not a "debt collector" within the meaning of the statute.[4] See id.

The Court concludes, therefore, that Plaintiff has failed to state a claim against Defendants Capital One and Bond under the FDCPA. They will be dismissed as Defendants in this matter. Because Plaintiff has previously been afforded the opportunity to amend her Complaint and because amendment would be futile in any event, the Court will dismiss these Defendants with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Capital One and Anita Bond under the FDCPA will be dismissed under 28 U.S.C. § 1915(e)(2) for Plaintiff's failure to state a claim for relief. Plaintiff's claim against Defendant Hawthorne survives initial review.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Amended Complaint [Doc. 4] survives initial review under Section

---

[4] There is also a substantial question as to whether Capital One qualifies as a "debt collector" on the facts alleged by Plaintiff. Because Plaintiff's claim against Capital One fails in any event, the Court declines to address this issue.

1915(e)(2) as to Plaintiff's claim(s) under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.; against Defendant Hawthorne Management Company, LLC, only. Plaintiff's claims against Defendants Capital One and Bond fail initial review in accordance with this Order, and they shall be **DISMISSED with prejudice** as Defendants in this matter.

2. The Clerk of Court shall direct the U.S. Marshal to effectuate service upon Defendant Hawthorne using the summons Plaintiff has filed in this matter at Docket No. 4-2 at 5-6.

Signed: March 23, 2021

_____
Frank D. Whitney
United States District Judge