UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00684-FDW-DSC

| | |
|---|---|
| DIANNE MICHELE CARTER,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>CAPITAL ONE, ANITA BOND,  )<br>INTERNAL REVENUE SERVICE, and  )<br>HAWTHORNE MANAGEMENT  )<br>COMPANY  )<br>  )<br>    Defendants.  ) | ORDER |

THIS MATTER is before the Court on review of Plaintiff's Motion for Reconsideration, (Doc. No. 7), and Defendant Hawthorne's Motion to Dismiss, (Doc. No. 10), respectively filed under Rules 60(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice, (Doc. No. 17), informing Plaintiff of the burden she carries in responding to Defendant's Motion. Both motions are now ripe for review. For the following reasons, the Court DENIES Plaintiff's Motion for Reconsideration, (Doc. No. 7), and GRANTS Defendant Hawthorne's Motion to Dismiss. (Doc. No. 10).

    **I.    PLAINTIFF'S MOTION FOR RECONSIDERATION**

**A. Background**

On December 9, 2020, Plaintiff Dianne Michele Carter ("Plaintiff"), a citizen and resident of North Carolina, filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against Defendants Capital One and Hawthorne Management Company, Inc. ("Hawthorne"). (Doc. No. 1, p. 1).

1

In her initial complaint Plaintiff alleged that, on December 12, 2019, Capital One "removed money from Plaintiff's account totaling $1,279.41 resulting in breach of fiduciary duty and federal grand larceny." (Id. at p. 2). Capital One allegedly responded to Plaintiff's dispute by "claiming to have received a 'court order' to remove money from Plaintiff's account;" however, Plaintiff stated Defendant Capital One "failed to provide the court order or other proof of Plaintiff's contractual obligation to pay the alleged debt." (Id.)

Plaintiff attached a letter from Capital One to her original Complaint. (See Doc. No. 1-1). In the letter, Capital One explains:

> On 11/20/2019, Capital One received a[n] Levy from a court to remove money in your account. . . .
>    . . . .
> A garnishment (also known in some states as a levy) is the legal process that allows a creditor to remove money from your bank account(s) to satisfy a debt you haven't paid. In other words, if you owe money to a person or company, they can obtain a court order directing your bank to take money out of your account to pay off your debt. . . .
>    . . . .
> As required by law, we've removed this money in the amount of $1,146.58 and may have to turn it over to your creditor as directed by the order.

(Doc. No. 1-1).

On initial review of Plaintiff's first Complaint, the Court granted Plaintiff's motion to proceed *in forma pauperis* and found Plaintiff failed to state a claim against Defendant Capitol One under the FDCPA because she failed to allege the collection activity was related to a debt as required by 15 U.S.C. § 1692(a)(5). (Doc. No. 3, p. 4-5). The Court, however, allowed Plaintiff thirty days to file an Amended Complaint against Capital One to properly state a claim under the FDCPA. (Id. at p. 6)

2

Shortly thereafter, Plaintiff timely filed an Amended Complaint naming Capital One; Anita Bond, identified as an Internal Revenue Service ("IRS") Revenue Officer; and Hawthorne as Defendants.[1] (Doc. No. 4, p. 1) In her Amended Complaint, Plaintiff alleges Capitol One removed $1,279.41 from Plaintiff's account(s) pursuant to an IRS levy in the amount of $457,200.09. (Doc. No. 4, p. 3; see Doc. No. 4-7). The Notice of Levy was sent by Anita Bond to Capital One on November 11, 2019. (Doc. No. 4-7). The Levy provided, among other things, as follows:

> The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property, and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

(Id.). Plaintiff alleges Capital One's conduct in complying with the Levy violated various provisions of the FDCPA, including 15 U.S.C. §§ 1692(e), 1692(f), 1692(g), and 1692(k). (Doc. No. 4, p. 4) As to Defendant Anita Bond, Plaintiff alleges that the Notice of Levy is a "false, deceptive, or misleading representation in violation of FDCPA 1692(e)" and that Bond is liable to Plaintiff under "FDCPA 1692(k)." (Id. at p. 6).

The Court conducted a frivolity review of Plaintiff's Amended Complaint, and found Plaintiff failed to state a claim against Defendants Capital One and Anita Bond; both parties were dismissed from the action with prejudice. (Doc. No. 5, p. 6). The Court determined Defendant Bond is not a "debt collector" within the definition of the FDCPA, and therefore cannot be sued under the statute. (Id.) As to the allegations against Capital One, the Court found the money collected from Plaintiff was money owed due to tax obligations and did not arise out of business

---

[1] Allegations against Defendant Hawthorne will be discussed in a separate section of this Order.

3

dealings or other consumer transactions. As such, the $1,279.41 owed was not a "debt" as defined under the FDCPA. (Doc. No. 5, p. 5-6).

Plaintiff filed a Motion for Reconsideration, asking the Court to reconsider her claims against Defendants Capital One and Bond. (Doc. No. 7). Plaintiff contends "BOND created the Levy in defiance of 26 U.S.C. § 6212(a) . . . [and] in defiance of U.S.C. § 6213(a)," and therefore Plaintiff owes no obligation to pay either the IRS or Capital One. (Doc. No. 7, p. 1). Plaintiff alleges Capitol One, by collecting the allegedly unauthorized funds from Plaintiff, "is [in] violation of the FDCPA." (Id. at p. 2). Yet she does not specify the provisions allegedly violated. (Id.). Plaintiff further contends Defendant Bond "should remain as a defendant to prove that her actions were in compliance with 26 U.S.C. § 6212(a) and 26 U.S.C. § 6213(a)." (Id.).

Although not cited in Plaintiff's Motion, the Court assumes this Motion for Reconsideration was brought under Rule 60(b) of the Federal Rules of Civil Procedure, because Plaintiff is seeking relief from the Court's prior Order. (See id. at p. 1).

**B. Standard of Review**

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). In seeking a Motion for Reconsideration, grounds for relief of an order may be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

4

(Fed. R. Civ. P. 60(b)).

The Court notes Plaintiff's claims against Defendants Capital One and Anita Bond were previously dismissed with prejudice. (Doc. No. 5, p.6). Because Plaintiff is proceeding *pro se*, the Court is obligated to construe filings liberally. United States v. Brown. 797 F. App'x 85, 89 (4th Cir. 2019). As such, the Court considers the sufficiency of Plaintiff's Amended Compliant in light of the supplemental information submitted with Plaintiff's argument in support of the pending Motion for Reconsideration.

**C. Discussion**

Plaintiff moves for reconsideration of the Court's earlier order dismissing Defendants Capital One and Anita Bond for Plaintiff's failure to state a claim.

To state a claim for a violation of the FDCPA, a plaintiff must show "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Boosahda v. Providence Dane LLC., 462 F. App'x. 331, 333 n.3 (4th Cir. 2012) (citing Ruggia v. Wash. Mut., 719 F. Supp. 2d 642, 647 (E.D.Va. 2010)).

As to Defendant Bond, Plaintiff contends Anita Bond created the levy in violation of 26 U.S.C. §§ 6212(a) and 6213(a); construing Plaintiff's allegations liberally, Plaintiff appears to suggest Defendant Bond is a debt collector. A "debt collector" under the FDCPA is:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal practice of which is the collection of any debts . . . The term does not include—(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; . . . (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debts is in the performance of his official duties.

5

15 U.S.C. § 1692(a)(6). Defendant Bond is a federal employee who issued the notice of levy in the name of the IRS, a federal agency, and therefore is not a "debt collector" as defined under both §§ 1692(a)(6)(A) and (C). As explained in the Court's prior Order, Defendant Bond cannot be sued under the FDCPA, and Plaintiff has not offered additional evidence sufficient for this Court to reverse its previous Order.

As to Defendant Capital One, Plaintiff also fails to state a claim for relief under the FDCPA. As explained in the Court's Prior Order, the money removed from Plaintiff's account was not consumer debt. (Doc. No. 5, p. 6). Plaintiff has offered no additional evidence indicating the money removed was a debt as defined under the FDCPA.

Plaintiff does not offer any further new facts or circumstances for the Court to consider, nor does she claim any further grounds to justify relief from this Court's previous Order. Accordingly, there is no basis on which the Court can conclude its prior decision was incorrect, and therefore the Court denies the Plaintiff's Motion for Reconsideration.

## II. DEFENDANT HAWTHORNE'S MOTION TO DISMISS

**A. Background**

In the same Order allowing Plaintiff to proceed *in forma paupris*, and finding Plaintiff failed to state a claim for relief against Defendant Capital One,[2] the Court ruled Plaintiff's "claim against Defendant Hawthorne for violation of the FDCPA [was] not clearly frivolous and survive[d] initial review." (Doc. No. 3, p. 5).

Plaintiff brings her claim against Defendant Hawthorne on behalf of the "Moorish Holy Temple of Science/Moorish Science Temple South Carolina Republic Temple No. 3A" ("the

---

[2] Defendant Anita Bond had not been named as a defendant at that point. (See Doc. No. 3).

Trust") which she identifies as "an express trust and Plaintiff is a trustee bringing this action in accordance with Federal Rules of Civil Procedures Rule 17 (a)(1)(E)." (Doc. No. 1, p. 3).

Plaintiff alleges Defendant Hawthorne overcharged the Trust for homeowner's assessments in the amount of $9, imposed an unsubstantiated "Tree Fine" against Plaintiff for $475.00, and imposed $16.00 in unwarranted late charges. (Doc. No. 1, p. 4). "Under threat, duress, coercion, and extortion and against Plaintiff's will, Plaintiff mailed a check in the amount of $548.00 . . . to stop the ongoing threats and escalating late charges."[3] (Id.). Plaintiff further alleges there is "no contract that obligates Plaintiff or the Trust to pay HAWTHORNE any money" and she seeks damages including the annual homeowner's assessments from 2019 and 2020, respectively $220 and $206. (Id. at p. 6).

Defendant Hawthorne filed a Motion to Dismiss Plaintiff's Amended Compliant under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "on the basis that Plaintiff is attempting to proceed *pro se* on behalf of a Trust." (Doc. No. 10, p. 1). Defendant argues "[c]orporations and partnerships, as artificial entities, may not appear *pro se* but must instead appear through counsel," (Id. at p. 2), and "[t]he same rationale . . . also applies to trusts." (Id. at p. 3). In response, Plaintiff contends the Trust is "a private Express Trust, created by natural right, not by operation of law, . . . . and is not liable to statutes." (Doc. No. 14, p. 1).

On June 17, 2021, this Court issued a Roseboro Notice (Doc. No. 17). Noting both parties had previously responded, the Court allowed Plaintiff the opportunity to supplement her response and Defendant to file a Reply to the Amended Response. (Doc. No.17, p. 2).

---

[3] $548.00 amount appears to include additional amounts Plaintiff also disputes. (See Doc. No. 1, p.4).

Plaintiff filed an Amended Reply, in which she raises two additional arguments. (Doc. No. 18). First, Plaintiff argues the Trust "is an establishment of religion," and requiring the Trust to utilize an attorney "violates the Constitution of the United States Amendment I protection" ("Establishment Clause"). (Doc. No. 18, p. 2). Second, Plaintiff raises the argument that requiring an attorney to represent the Trust is "an impairment of the Obligation of Contracts, which Article I, Section 10 says shall not be[sic]." (Id.).

Defendant Hawthorne filed a Reply to the Amended Response, (Doc. No. 19), maintaining the law reflects "a trustee cannot proceed *pro se* and must be represented by a licensed attorney because the trustee represents the interests of others, the beneficiaries of the Trust (whoever they may be), and would therefore be engaged in the unauthorized practice of law." (Doc. No. 19, p. 2).

**B. Standard of Review**

In responding to a 12(b)(6) motion, a plaintiff bears the burden of establishing the complaint contains sufficient allegations to support a cause of action against Defendants. To survive a 12(b)(6) motion, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

**C. Discussion**

Defendant Hawthorne filed a Motion to Dismiss Plaintiff's claims on the grounds that Plaintiff cannot represent the Trust as a non-attorney trustee.

Section 1654 of 28 U.S.C. authorizes parties to "plead and conduct their own cases personally," however, corporate and other artificial entities must be represented by legal counsel in federal court. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."). Five Circuit Courts extend "artificial entities" to include trusts, and prohibit non-attorney trustees from representing a Trust *pro se*. See, e.g., J.J. Rissell, Allentown, PA Trust v. Marchelos, 976 F.3d 1233, 1236 (11th Cir. 2020), United States v. Lain, 773 F. App'x 476, 477 (Mem) (10th Cir. 2019), Van De Berg v. C.I.R., 175 F. App'x 539, 541 (3d Cir. 2006), Hale Joy Trust v. C.I.R., 57 F. App'x 323, 324 (9th Cir. 2003), Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994).

The Fourth Circuit has not addressed the specific situation of whether a non-attorney Trustee may represent a Trust *pro se*, but nonetheless recognizes there is no guaranteed right to litigate on behalf of others. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding a *pro se* prisoner may not litigate the interests of other prisoners in a class action suit). "The reasoning behind this rule is two-fold: it protects the rights of those before the court . . . [and] guards the judiciary's authority to govern those who practice in its courtrooms." Myers v. Loudoun Cty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005) (holding that a non-attorney father could not appear *pro se* on behalf of his children).

Here, Plaintiff is litigating on behalf of another party not present and—by virtue of not being a licensed attorney—she endangers the rights of the Trust and its beneficiaries whom she represents. Taking into consideration the numerous other Circuit Court decisions and the Fourth

9

Circuit's concerns for protecting the rights of those before the court, this Court finds Plaintiff has not met her burden in showing a trust may be represented by a non-attorney trustee.

Plaintiff's remaining argument, requiring a licensed attorney for a religious-based express trust violates both the Establishment and Contract Clauses, is without legal support. Plaintiff offers no legal authority, outside of referencing the Constitution, to support her assertion there is a right for religious entities to utilize a non-attorney as legal counsel. Furthermore, the Contract Clause verbiage specifically pertains to States, and is not relevant to the matter before the Court. This Court has not found any legal authority to support Plaintiff's argument and finds her reasoning to be without merit.

The Court concludes, therefore, that by representing the Trust in a claim against Defendant Hawthorne, Plaintiff has failed to state a claim. Plaintiff has not alleged any further claims against Defendant Hawthorne which may be brought *pro se* by Plaintiff as an individual. Therefore, the Court grants Defendant Hawthorne's Motion to Dismiss.

### III. CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim against Defendants Capital One and Anita Bond. Plaintiff's claim under the FDCPA against Defendant Hawthorne is dismissed for failure to state a claim for which relief can be granted.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 7) is **DENIED**.
2. Defendant's Motion to Dismiss Amended Complaint by Defendant Hawthorne Management Company, Inc. (Doc. No. 10) is **GRANTED**. The Clerk of Court is

respectfully directed to mail a copy of this Order to Plaintiff's address on record and

**CLOSE** this case.

**IT IS SO ORDERED.**

Signed: August 3, 2021

Frank D. Whitney
United States District Judge