UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00684-FDW-DSC

| | |
|---|---|
| DIANNE MICHELE CARTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAPITAL ONE *et al.*, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's "Motion to Dismiss" (Doc. No. 26), filed on October 8, 2021, wherein Plaintiff seeks relief from the Court's August 3, 2021, Order (Doc. No. 21) and September 17, 2021, Text-Only Order. Because of the relief Plaintiff seeks, the Court construes Plaintiff's Motion as a second Motion for Reconsideration brought under Rule 60(b) of the Federal Rules of Civil Procedure. In support of her Motion, Plaintiff merely "challenge[s] this Court to prove subject-matter jurisdiction,"[1] (Doc. No. 26, p. 1), and reasserts her erroneous citation to Rule 17(a)(1)(E) of the Federal Rules of Civil Procedure as "legal support that allows Plaintiff[, as *pro se*,] to represent the [Moorish Holy Temple of Science/Moorish Science Temple South Carolina Republic Temple No. 3A (the "**Trust**")]," (Doc. No. 26, p. 3).

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). In seeking a Motion for Reconsideration, grounds for relief of an order may be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] The Court notes its surprise that Plaintiff challenges the Court's jurisdiction over this case. It is well settled that "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted). Thus, *if* the Court lacked subject matter jurisdiction over Plaintiff's case, the Court would have been required to dismiss her case prior to ever reaching the merits, or lack thereof, of Plaintiff's claims.

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court first addresses subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Subject-matter jurisdiction in federal courts exists in two circumstances: (1) when a federal question is presented, or (2) when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. "Federal jurisdiction requires that a party assert a *substantial* federal claim." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). In her Amended Complaint (Doc. No. 4), Plaintiff asserts three counts of violations of the Fair Debt Collection Practices Act (the "**FDCPA**"), a federal statute. Accordingly, Plaintiff has asserted a substantial federal claim, and the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

The Court now turns to Plaintiff's mistaken reliance on Rule 17(a)(1)(E) of the Federal Rules of Civil Procedure as "legal support that allows Plaintiff to represent the Trust." (Doc. No. 26, p. 3). For the reasons set forth in the Court's August 3, 2021, Order (Doc. No. 21), which were confirmed in the Court's September 17, 2021, Text-Only Order, Plaintiff cannot, as *pro se*, represent the Trust. Again, Plaintiff fails to offer any new facts or circumstances for the Court to consider, nor does she claim any further grounds to justify relief from this Court's previous Orders. Accordingly, there is no basis to grant Plaintiff the relief she seeks.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (Doc. No. 26) is DENIED.

Signed: January 21, 2022

_____
Frank D. Whitney
United States District Judge