UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00684-FDW-DSC

| | |
|---|---|
| DIANNE MICHELE CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAPITAL ONE *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's "Motion to Dismiss," (Doc. No. 32), filed on February 11, 2022, wherein Plaintiff seeks relief from the Court's previous orders. Because of the relief Plaintiff again seeks, the Court construes Plaintiff's Motion as a third Motion for Reconsideration brought under Rule 60(b) of the Federal Rules of Civil Procedure. In support of her Motion, Plaintiff nonsensically argues the Court's January 21, 2022, Order is, "further proof of a defective process, usurpation of power and is a void judgment for want of jurisdiction and denial of due process." (Doc. No. 32, p. 1). Plaintiff now also asserts the Court lacks personal jurisdiction over, "[a] person of the religious establishment," and erroneously points to the Constitution as authority to void judgment. Id.

Plaintiff again fails to offer any new facts or circumstances for the Court to consider, nor does she claim any further grounds to justify relief from this Court's previous Orders. Accordingly, there is no basis to grant Plaintiff the relief she seeks under Rule 60(b). See (Doc. No. 31). Moreover, to the extent Plaintiff raises the Court's alleged lack of personal jurisdiction over her as a basis for the relief she seeks, she is mistaken. A plaintiff submits to personal jurisdiction of the Court by bringing the action; "It is the price which the state may exact as the condition of opening

1

its courts to the plaintiff." Adam v. Saenger, 303 U.S. 59, 68 (1938) (citations omitted); see also See Myzer v. Bush, 750 F. App'x 644, 648 (10th Cir. 2018) (citations omitted) (reaffirming that "jurisdiction over a party may be conferred upon a court . . . by voluntary appearance of a party.").

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration, (Doc. No. 32), is DENIED with prejudice. **Plaintiff is hereby WARNED the Court will strike without notice and consider the imposition of sanctions, including pre-filing injunctions or other appropriate sanctions, for any further duplicative or vexatious filings.**[1]

Signed: June 13, 2022

Frank D. Whitney
United States District Judge

---

[1] "This Court has the authority to order a prefiling injunction or other appropriate sanctions against vexatious litigants . . . . The sanctions which the Court may consider include, but are not limited to: (1) denial of proceeding without prepayment of the filing fee, (2) the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted, (3) monetary sanctions that will have to be satisfied before any further filings may be made, (4) dismissal of any action, (5) entry of an order of contempt of court, and (6) any and all other forms of sanctions available under Rule 11 of the Federal Rules of Civil Procedure." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004); see also 28 U.S.C. § 1927.